**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Dante Lewis,

Plaintiff(s),

v.

Bureau of United States Department of Interior, et al.

Defendant(s).

Case No. 2:25-cv-02638-JAD-NJK

**ORDER**

[Docket No. 44]

Pending before the Court is Plaintiff's motion to extend the service deadline. Docket No. 44.[1] The already-appearing Federal Defendants filed a response in opposition. Docket No. 46. No reply was filed.

The Court "must" extend the service deadline upon a showing of good cause and also has discretion to provide that relief even absent a showing of good cause. Fed. R. Civ. P. 4(m). Good cause in this context generally equates with diligence. *E.g.*, *Aquatech Corp. v. Mystic Pool Supplies, LLC*, 2024 WL 4475461, at *2 (D. Nev. Sept. 6, 2024).

Plaintiff represents that he has hired a process server, has been attempting service, and has been unsuccessful. *See* Docket No. 44 at 1-2. For example, Plaintiff explains that the process server attempted service on Brad Cochran at a particular address, but the process server was informed that Cochran moved to a secure location at Hoover Dam that lacks a conventional service

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

address. *See id.* at 1. Plaintiff has shown good cause for the extension requested, such that it "must" be granted pursuant to the governing rule.[2]

For good cause shown, the Court **GRANTS** Plaintiff's motion and **EXTENDS** the service deadline to September 14, 2026.

IT IS SO ORDERED.

Dated: July 28, 2026

______________________________
Nancy J. Koppe
United States Magistrate Judge

[2] The Federal Defendants oppose the extension request. They argue that the unserved defendants will file meritorious motions to dismiss once they appear and they characterize a Ninth Circuit case as blessing the denial of a service extension if "an extension would [not] serve any purpose." Docket No. 46 at 2-4 (citing *Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007)). The Court is not persuaded by this argument for several reasons. Most centrally, Rule 4(m) is mandatory that an extension "must" be provided if good cause is shown. Fed. R. Civ. P. 4(m). The case cited addresses the exercise of judicial discretion to allow an extension when good cause is not shown. *See Efaw*, 473 F.3d at 1040 ("Plaintiff does not argue that he showed 'good cause,' nor did the district court find that he established good cause").