**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Dante Lewis,

Plaintiff(s),

v.

Bureau of United States Department of Interior, et al.,

Defendant(s).

Case No. 2:25-cv-02638-JAD-NJK

**Order**

[Docket Nos. 59, 60]

Pending before the Court are dueling motions to extend case management deadlines, with Plaintiff seeking an extension of 14 days[1] and Defendants seeking an extension of 90 days. Docket Nos. 59, 60.

Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[2]

The Court finds that Plaintiff provides good cause for his extension request. Plaintiff explains that Defendants' discovery responses were served more than two months after discovery

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Even when the parties do not do so, the Court must state the law correctly. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). Defendants rely on Rule 6 of the Federal Rules of Civil Procedure and Local Rule IA 6-1(a), *see* Docket No. 60 at 4-5, as well as caselaw addressing Rule 6 requests for short extensions to briefing schedules, *see, e.g.*, *Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests to modify case management deadlines established by scheduling order, by contrast, are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 26-3, *see, e.g.*, *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017), and the more lenient Rule 6 case law does not govern in the Rule 16 context, *see Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022). The distinction matters. Settled law in the Rule 16 context provides that a lack of prejudice to the opposing party is not good cause to modify case management deadlines, *Johnson*, 975 F.2d at 609, while the case cited by Defendants in the Rule 6 context provides that lack of prejudice would normally suffice to modify a briefing schedule, *Ahanchian*, 624 F.3d at 1259.

was propounded, that the parties thereafter promptly conferred on disputes as to the discovery responses provided, and that Plaintiff has now filed a motion to compel. *See* Docket No. 59 at 2; *see also* Docket No. at 6 (similar arguments from Defendants). These circumstances establish good cause for the short extension Plaintiff seeks.

It is a closer call as to good cause to support Defendants' much lengthier extension request.[3] Although an attorney's busy schedule is ordinarily not good cause for an extension, *Williams*, 627 F. Supp. 3d at 1179, counsel explains that the workload concerns are beyond his control in that they arise from understaffing in his office and a surge of litigation matters, Docket No. 60 at 4. The Court is not persuaded that such circumstances justify a stay of discovery or a 90-day extension, but the Court will allow a 45-day extension based on the reasons proffered.[4]

Accordingly, the Court **GRANTS** in part both motions to extend. The Court **RESETS** case management deadlines as follows:

- Amend pleadings/ add parties: closed
- Initial experts: closed
- Rebuttal experts: closed
- Discovery cutoff: December 17, 2026
- Dispositive motions: January 19, 2027

[3] The bulk of Defendants' motion actually seeks a stay of discovery pending resolution of other motion practice, as opposed to an extension of case management deadlines. *See, e.g.*, Docket No. 60 at 5 ("**GOOD CAUSE EXISTS TO TEMPORARILY STAY DISCOVERY**" (emphasis in original)). The Court recently denied the motion to stay discovery, Docket No. 56, so Defendants are effectively seeking reconsideration and must meet the requirements for that type of relief, *see, e.g.*, *Borenstein v. Animal Found.*, 2024 WL 5683399, at *2 (D. Nev. June 21, 2024). Defendants have not addressed the standards for obtaining reconsideration, *see* Local Rule 59-1, or explained how they are met. Defendants have also not explained why it is proper to seek reconsideration from the undersigned magistrate judge simultaneously with seeking relief through an objection to the assigned district judge. *See* Docket No. 61; *but see Reno v. W. Cab Co.*, 2020 WL 2462900, at *2 (D. Nev. May 1, 2020).

[4] This time will, hopefully, also allow for resolution of Plaintiff's motion to compel.

- Joint proposed pretrial order: February 16, 2027, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: October 16, 2026

Nancy J. Koppe
United States Magistrate Judge