# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Dante Lewis,

Plaintiff

v.

Secretary of the Interior Doug Burgum,[1]

Defendant

Case No.: 2:25-cv-02638-JAD-NJK

**Order Granting Motion for Leave to Amend Complaint, Denying as Moot Motions to Dismiss, and Overruling Defendants' Objection to the Magistrate Judge's Order**

[ECF Nos. 26, 47, 50, 61]

Pro se plaintiff Dante Lewis sues the Secretary of the Interior and several federal employees for employment discrimination, constitutional violations, and violations of the Fair Labor Standards Act. All federal defendants move to dismiss the constitutional claims for lack of jurisdiction, and one federal defendant—Department of the Interior employee Ben McKevitt—moves to dismiss all claims against him because Lewis's claims may be brought only against the Secretary of the Interior in his official capacity. In response, Lewis asks to amend his complaint to cure the defects identified in the motions to dismiss. Because the version of Lewis's proposed complaint that he attached to his reply in support of amendment effectively cures the original complaint's defects, I grant his motion and deny as moot the pending motions to dismiss. And I overrule the defendants' objections to the magistrate judge's order denying their motion to stay discovery because that order was not clearly erroneous or contrary to law.

[1] Doug Burgum is the current Secretary of the Interior, so I direct the Clerk of Court to substitute him as the defendant in this case under Federal Rule of Civil Procedure 25(d).

## Discussion

### A. Lewis is granted leave to file his first amended complaint, and the motions to dismiss are denied as moot.

In his original complaint, Lewis sues the Department of the Interior, the Bureau of Reclamation, the Secretary of the Interior, and five federal employees in their individual capacity for violations of Title VII, the Rehabilitation Act, the Fair Labor Standards Act, the Fifth Amendment, and the Fourth Amendment.[2] The defendants move for partial dismissal of the Fourth and Fifth Amendment claims because "sovereign immunity bars all monetary-damages claims against the United States and its agencies based on" constitutional violations.[3] And one of the individual defendants, Ben McKevitt, moves to dismiss all of the claims against him because Lewis's claims can be brought against the Secretary in his official capacity only.[4]

In response, Lewis seeks to amend his complaint to cure the defects raised in the motions to dismiss.[5] But his first proposed amended complaint didn't actually make the changes that Lewis says it did: it still includes individual-capacity defendants and claims that his motion to amend says were removed.[6] So the defendants partially oppose amendment, explaining that they do not "oppose leave to amend to substitute Secretary Burgum as the sole defendant on properly pleaded Title VII and Rehabilitation Act claims, and to abandon the FLSA, individual-capacity, *Bivens*, and freestanding constitutional theories."[7] In essence, they don't oppose the changes

---

[2] ECF No. 15.

[3] ECF No. 26 at 2 (cleaned up).

[4] ECF No. 47.

[5] ECF No. 50.

[6] *Compare* ECF No. 50 (Lewis's motion to amend) *with* ECF No. 50-1 (Lewis's proposed amended complaint).

[7] ECF No. 53.

reflected in the motion to amend, but they take issue with the attached amended complaint that is inconsistent with the representations in that motion.

In reply, Lewis "acknowledges the discrepancy" between his motion and his proposed complaint and seeks leave to "file a clean, conforming" first amended complaint that he attaches to his reply.[8] That proposed version of the complaint names only the Secretary of the Interior as a defendant and asserts claims for race discrimination and retaliation under Title VII, as well as failure to accommodate, disability discrimination, and retaliation under the Rehabilitation Act.[9] This version cures the defects raised in the defendants' motions to dismiss, and I find that allowing amendment is in the interest of justice.[10] So I grant Lewis's request for leave to amend, direct the clerk of court to file his second attempt as his first amended complaint, and deny as moot the pending motions to dismiss.

**B. The defendants' objections to the magistrate judge's order are overruled.**

The defendants also object to the magistrate judge's order denying their motion to stay discovery.[11] The first half of that motion sought a stay until this court resolved the motions to dismiss and motion for leave to amend.[12] That portion of the motion is moot as those motions have now been resolved. But the defendants alternatively sought a 90-day stay of discovery for slightly different reasons: there is still ongoing discovery and the defendants' counsel is overwhelmed by time-sensitive immigration cases flooding this court.[13] The magistrate judge

---

[8] ECF No. 54.

[9] ECF No. 54-1.

[10] Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

[11] ECF No. 61.

[12] *See* ECF No. 55.

[13] *Id.* at 9.

construed that alternative request as one "seeking the extension of case-management deadlines" and declined to consider it because the local rules require counsel to file separate motions for different types of relief.[14] The defendants object to that characterization of its alternative request, contending that it was not a request to extend deadlines but a "stay of discovery for a fixed period of 90 days."[15] Because both requests in the motion were for stays in different forms, the defendants argue, they did not violate the local rule requiring parties to file a separate document "for each type of relief requested."[16]

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[17] This standard of review "is significantly deferential" to the magistrate judge's determination.[18] A district court can overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[19] or a relevant statute, law, or rule has been omitted or misapplied.[20]

Under this deferential standard, I cannot conclude that the magistrate judge's determination that the defendants violated the local rules was clear error or contrary to law. The defendants titled their motion as one "to stay discovery or, in the alternative, to stay discovery

---

[14] ECF No. 56 at 2, n.2 (cleaned up) (citing L.R. IC 2-2(b)).

[15] ECF No. 61 at 10.

[16] L.R. IC 2-2(b).

[17] L.R. IB 3-1(a).

[18] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for So. Cal.*, 508 U.S. 602, 623 (1993).

[19] *Id.* (internal quotation marks omitted).

[20] *See Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

for 90 days and modify the scheduling order."[21] Seeking modification of a scheduling order constitutes relief distinct from a complete stay of discovery and is governed by a specific local rule.[22] It was within the magistrate judge's discretion to require the defendants to file a separate motion seeking that relief. It is also likely that the request for a 90-day stay of discovery is now moot because discovery closed on November 2, 2026. So I overrule the defendants' objection without prejudice to their ability to seek discovery relief, like a motion to reopen discovery, now that the motions to dismiss have been resolved and the claims in this case have been amended.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **[ECF Nos. 26, 47] are DENIED as moot.**

IT IS FURTHER ORDERED that the plaintiff's motion to amend **[ECF No. 50] is GRANTED.** The Clerk of Court is directed to **DETACH ECF No. 54-1 and FILE it as plaintiff's First Amended Complaint.**

IT IS FURTHER ORDERED that the defendants' objection to the magistrate judge's order **[ECF No. 61] is OVERRULED.**

_______________________________
U.S. District Judge Jennifer A. Dorsey
November 20, 2026

[21] ECF No. 55 at 1.

[22] *See* L.R. 26-3.